# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0477-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GEORGE SANCHEZ,

     Defendant-Appellant.

_____

Submitted March 23, 2020 – Decided May 19, 2020

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-05-0801.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M.S. Hebbon, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Craig A. Becker, Assistant Prosecutor, of counsel and the brief).

PER CURIAM

Defendant George Sanchez appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. His petition claimed counsel provided ineffective assistance by not sufficiently meeting with him prior to trial and failing to subpoena the assault victim's medical records. He now argues he was entitled to an evidentiary hearing because the PCR judge erroneously found: (1) his claims procedurally barred from review under Rules 3:22-4(a) and 3:22-5, because they were not raised or were previously adjudicated in his direct appeal; and (2) his claims, on their merits, did not make out a prima facie case of ineffective assistance of counsel. We disagree with the judge that defendant's claims were procedurally barred, but we affirm because we agree with him that the claims are without merit.

I

To resolve the issues raised in this PCR appeal, we need not discuss the trial evidence, which is detailed in our twenty-seven-page unpublished opinion affirming defendant's convictions for fourth-degree false imprisonment, third-degree aggravated criminal sexual contact while the victim was physically helpless, second-degree attempted aggravated sexual assault on a helpless victim, third-degree criminal sexual contact without the victim sustaining severe injury, second-degree attempted sexual assault, fourth-degree harassment, third-

degree attempted aggravated assault, and third-degree terroristic threats, as well as his sentence of an aggregate ten-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Sanchez, No. A-0392-14 (App. Div. Jan. 27, 2017) (slip op. at 2), certif. denied, 230 N.J. 541 (2017). On direct appeal, we remanded, with the State's concession, for the limited purpose of correcting an error on the judgement of conviction, which did not alter defendant's sentence. Accordingly, we limit our focus to defendant's contentions on this appeal.

II

In his PCR petition, defendant raised two claims of ineffective assistance of counsel. First, his certification in support of PCR alleged his trial counsel provided "inadequate pre-trial investigation" by discussing the case prior to trial with him only once by means of a video conference at the county jail. Had counsel visited more, defendant argues, they would have had the proper amount of time to discuss trial strategies and all possible defenses resulting in "a stronger case and [he] would have been acquitted at trial." Defendant relies on our decision in State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000), where we held "a defendant is entitled to a complete and vigorous defense, requiring counsel, at the very least, to investigate all substantial defenses available to a

3

defendant." (internal quotations removed) (citing United States v. Baynes, 687 F.2d 659, 668 (3d Cir. 1982)). Defendant's certification did not assert what strategies or defenses were not discussed during their video conference that should have been pursued at trial.

Second, defendant contended counsel was ineffective for failing to subpoena the victim's (his former girlfriend's) hospital emergency room records detailing the treatment she received the day after her alleged assault, despite defendant's request that he do so. Defendant asserted the records would have undermined her claim that he sexually assaulted her because there was no DNA linking him to a sexual assault and her injuries were not consistent with those of a sexual assault victim. Defendant further contended the victim's credibility could have been impeached because the records showed she did not go to the hospital immediately and, after going, refused a rape kit because she did not claim to be sexually assaulted. According to defendant, these credibility attacks would have made the State's prosecution weaker, resulting in his acquittal.

Upon considering the parties' briefs and oral argument, the PCR judge denied defendant's petition without an evidentiary hearing for reasons set forth in a ten-page written opinion. He found defendant's claims were procedurally flawed under Rule 3:22-4(a) because they could have been – but were not –

raised on direct appeal. The judge explained defendant had voiced his dissatisfaction with counsel on several occasions in the trial record, in his appellate brief, and in a post-trial complaint filed with a District Ethics Committee. Referencing defendant's direct appeal, the judge noted this court "held . . . there was no abuse of discretion by [a pre-trial] judge in deciding that trial counsel could not withdraw as counsel" and defendant's "accusations made against trial counsel were 'demonstrably false' . . . ." See Sanchez, slip op. at 25-26. Similarly, the judge pointed out defendant had withdrawn his ethics complaint, stating his trial attorney was a "very competent attorney." The judge determined defendant offered no explanation why he could not have included his PCR claims on direct appeal based on the record. He also held Rule 3:22-5 barred defendant's claims "because the issue of his attorney [performance] was also addressed during the appeal[.]"

Before us, defendant contends the PCR judge improperly found his petition procedurally barred under Rules 3:22-4(a) and 3:22-5. Citing State v. Mitchell, 126 N.J. 565, 584-85 (1992) and State v. Cerbo, 78 N.J. 595, 605 (1979), defendant asserts Rule 3:22-4 is not applicable to his PCR claims because they fell outside the trial record and denial of relief violates his federal and state constitutional rights to counsel, due process, and a fair trial. As for

Rule 3:22-5, defendant asserts it does not bar PCR because neither the trial court nor this court on direct appeal addressed specific allegations of counsel's incompetence. The State argues the PCR judge's ruling was correct.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

A PCR claim is not a substitute for a direct appeal and must hurdle some procedural bars. R. 3:22-3. "[A] defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal . . . or to relitigate a claim already decided on the merits . . . ." State v. Goodwin, 173 N.J. 583, 593 (2002). Under Rule 3:22-4, a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one

of three exceptions apply.  See State v. Nash, 212 N.J. 518, 546 (2013).  The rule provides:

> Any ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the [PCR] hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> [R. 3:22-4(a).]

Rule 3:22-5 provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding, . . . or in any appeal taken from such proceedings."  "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review."  Preciose, 129 N.J. at 476 (citing R. 3:22-5 ).  "[A] defendant may not use a petition for post-conviction relief as an opportunity to relitigate a

claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Guided by these principles, we disagree with the PCR judge's determination that defendant's claims that counsel provided ineffective assistance – for inadequate pre-trial preparation or investigation and failing to subpoena the victim's emergency room records – are procedurally barred by Rules 3:22-4(a) and 3:22-5. The record on direct appeal was not developed sufficiently to include the facts defendant alleged in his PCR petition to demonstrate trial counsel's ineffectiveness. Although counsel's request to withdraw was denied, which we concluded on direct appeal was not an abuse of discretion,[1] defendant did not specifically assert counsel failed to adequately prepare for trial because he only met once with defendant, which aided the State's prosecution to defendant's detriment. Accordingly, the claim was outside the trial record. Additionally, the claim that counsel failed to subpoena the victim's emergency room records was outside the trial record. Because neither the trial court nor this court could have previously addressed these two claims, defendant's claims were properly reserved for his PCR petition and are not procedurally barred. See Preciose, 129 N.J. at 460.

---

[1] Sanchez, slip op. at 25-26.

A-0477-18T2

## III

Despite finding PCR procedurally barred, the PCR judge had the foresight to consider the merits of defendant's claims, ultimately finding defendant failed to establish a prima facie case of ineffective assistance of counsel. Defendant disagrees with the judge's findings. He argues a remand for an evidentiary hearing is necessary because counsel was deficient in only meeting with him once prior to trial and failing to subpoena the victim's emergency room records.

In considering the merits of defendant's contentions, the judge held defendant proved neither prong of <u>Strickland</u>'s two-prong test. For the first prong, the judge found defendant "merely ma[de] accusations that are not supported in his papers. [He] simply makes statements but does not show how trial counsel's representation is defective." The judge also found it significant that defendant withdrew his ethics complaint, referring to counsel as a "very competent attorney." For the second prong, the judge found defendant "failed to prove how trial counsel's actions caused such a prejudice that he received an unfair trial." To the contrary, the judge noted counsel's success in acquitting defendant of first-degree charges for kidnapping and aggravated sexual assault.

We embrace the PCR judge's ruling, affirming substantially for the sound reasons set forth in his oral decision. Defendant's arguments lack sufficient

A-0477-18T2

merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(2). We add the following brief comments.

It is well-settled that "in order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. We agree with the State that "defendant does not provide any factual basis for why more visits [with counsel] would have led to acquittal." See State v. Porter, 216 N.J. 343, 347-48 (2013) (finding an evidentiary hearing was necessary because the defendant had asserted a factual basis supported by evidence to show what the outcome of the investigation could have been). The same applies with respect to defendant's claim that counsel was deficient for not obtaining the victim's medical records. The trial record demonstrates counsel was not deficient because his cross-examination of the victim revealed she declined to have a rape kit performed and did not tell hospital staff she was sexually assaulted. Because defendant failed to establish a prima facie claim of ineffective assistance of counsel, the judge did not abuse his discretion in requiring an evidentiary hearing be held.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0477-18T2